IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BARBARA E. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:10-cv-00112 |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Brown |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff Barbara E. Webb's Motion for Judgment on the Administrative Record (Doc. No. 11) ("Motion"), filed with a supporting Memorandum (Doc. No. 12). Defendant Commissioner of Social Security filed a Response in Opposition (Doc. No. 13), to which Plaintiff filed a Reply (Doc. No. 14). Subsequently, Magistrate Judge Brown issued a Report and Recommendation (Doc. No. 15) ("Report"), recommending that Plaintiff's Motion be denied and that the decision of the Commissioner be affirmed (*id.* at 14). Plaintiff filed Objections to the Report (Doc. No. 16), to which Defendant filed a Response (Doc. No. 17). For the reasons stated below, the Court **DENIES** Plaintiff's Motion, **ADOPTS** the Report in its entirety, and **AFFIRMS** the decision of the Commissioner.

I. **BACKGROUND**

   *A. Factual Background*

   The Court adopts the facts as stated in the Review of the Record in Magistrate Judge Brown's Report (Doc. No. 15 at 3-9).

*B. Procedural Background*

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on July 10, 2007, asserting a disability onset date of April 1, 2001, which Plaintiff later amended to January 1, 2006. (Tr. at 18.) Plaintiff's earnings records demonstrate that she had sufficient coverage to remain insured through December 31, 2006 ("date last insured" or "DLI"). (*Id.*) Plaintiff's application was first denied on January 18, 2008, and again after reconsideration on April 11, 2008. (*Id.* at 42-43.)

Plaintiff's request for a hearing before an Administrative Law Judge ("ALJ") was granted and the hearing took place on September 22, 2009. (*Id.* at 29-41.) The ALJ denied Plaintiff's claim on December 16, 2009. (*Id.* at 15-28.) The ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2006.
2. The claimant did not engage in substantial gainful activity during the period from her amended alleged onset date of January 1, 2006 through her date last insured of December 31, 2006 (20 CFR 404.1571 *et seq.*).
3. Through the date last insured, the claimant had the following severe impairments: chronic obstructive pulmonary disease (COPD), sinusitis, hypertension, and asthma (20 CFR 404.1520(c)).
. . . .
4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404. 1520(d), 404.1525 and 404.1526).
5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a).
. . . .
6. Through the date last insured, the claimant was capable of performing past relevant work as a receptionist and secretary. This work did not require the performance of work-related activities

> precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> . . . .
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2006, the amended onset date, through December 31, 2006, the date last insured (20 CFR 404.1520(f)).

(*Id.* at 20-23).

On October 6, 2010, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner in this case. (*Id.* at 1-5.) On November 19, 2010, Plaintiff filed this action to obtain judicial review of the ALJ's final decision, pursuant to 42 U.S.C. § 405(g). (Doc. No. 1.) On March 28, 2011, Plaintiff filed a Motion for Judgment on the Record (Doc. No. 11), along with a supporting Memorandum (Doc. No. 12), to which the Government responded on April 26, 2011 (Doc. No 13). Plaintiff filed a reply on May 16, 2011. (Doc. No. 14.) On July 15, 2011, Magistrate Judge Brown recommended that Plaintiff's Motion be denied and that the decision of the Commissioner be affirmed. (Doc. No. 15.) Plaintiff now asserts two objections to the Magistrate Judge's findings on July 15, 2011, specifically:

> 1. The Magistrate's recommendation that the [ALJ] properly rejected the opinion of treating physician Dr. Samantha McLerran, who described limitations that would not allow [Plaintiff] to perform substantial gainful activity, even at the sedentary level, should not be adopted.
>
> . . .
>
> 2. The Magistrate's recommendation that the ALJ properly rejected [Plaintiff's] reports of disability due to her combined impairments should not be adopted.

(Doc. No. 16 at 1, 3.) Defendant filed a Response on August 12, 2011. (Doc. No. 17.) The Court discusses the merits of the Plaintiff's objections below.

## II.   STANDARD OF REVIEW

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b). This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the reviewing court will uphold the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

"Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to

the Plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

A. *Plaintiff objects to the recommended finding that the ALJ properly rejected the opinion of treating physician Dr. McLerran, who described limitations that would not allow Plaintiff to perform substantial gainful activity, even at the sedentary level.*

The Magistrate Judge recommended finding that the ALJ properly refused to consider the opinion of Dr. McLerran on the grounds that Dr. McLerran did not treat Plaintiff for the first time until nearly a year after Plaintiff's DLI and sent letters to the Administration nearly two and then over two-and-a-half years after Plaintiff's DLI. (Doc. No. 15 at 12-13.) Accordingly, the Magistrate Judge found that Dr. McLerran's opinions are irrelevant to the issue of whether Plaintiff was disabled prior to her DLI. (*Id.* at 13.) Plaintiff objects to this finding on the grounds that Dr. McLerran's opinion is "supported by medical findings" and that Plaintiff's treatment prior to her DLI is "consistent with Dr. McLerran's findings and opinion." (Doc. No. 16 at 1.) Defendant notes that Plaintiff's objection is merely a reiteration of an argument she raised in her Motion, and thus refers to the Court to his Response opposing Plaintiff's Motion. (Doc. No. 17 at 2.) There, Defendant argues simply that Dr. McLerran's opinions were properly excluded from consideration by the ALJ because Dr. McLerran did not treat Plaintiff until after her DLI. (Doc. No. 13 at 6.)

To establish that she is entitled to DIB, Plaintiff has to establish that she "became 'disabled' prior to the expiration of [her] insured status." *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990) (citing 42 U.S.C. § 423(a), (c); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)). "Evidence of disability obtained after the expiration of insured status is generally of

little probative value." *Strong v. SSA*, 88 F. App'x 841, 845 (citing *Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260, 264 n.6 (6th Cir. 1988)).

Here, substantial evidence supports the ALJ's refusal to consider the opinion of Dr. McLerran. Dr. McLerran did not treat Plaintiff until December 17, 2007, nearly a year after Plaintiff's DLI. (Tr. at 537-39.) Moreover, the letters that Dr. McLerran submitted to the Administration were written in October 2008 and August 2009, well beyond Plaintiff's DLI. (*Id.* at 546-47.) There is no documentation in the record demonstrating that Dr. McLerran treated Plaintiff prior to her DLI. By contrast, Plaintiff did provide documentation from Dr. Trueman Smith, the only physician who treated Plaintiff prior to her DLI, and this was something that the ALJ considered when evaluating Plaintiff's case. (*Id.* at 22-23.) Because the ALJ had physician testimony from the relevant period, and because Dr. McLerran's treatment of Plaintiff did not begin until after the relevant period, the ALJ's decision to disregard Dr. McLerran's opinion was entirely reasonable.

> B. *Plaintiff objects to the recommended finding that the ALJ properly rejected Plaintiff's reports of disability due to her combined impairments.*

Plaintiff also objects to the Magistrate Judge's recommendation that the ALJ did not err in failing to consider Plaintiff's nonexertional restrictions of coughing and fatigue. (Doc. No. 16 at 3.) Plaintiff's second objection is a nearly word-for-word restatement of her second argument in her Motion. (Doc. No. 12 at 17.) However, Plaintiff's Motion framed the error as being that the ALJ "erred in his failure to question the Vocational Expert [at Plaintiff's hearing] concerning these restrictions" (*id.*), while Plaintiff currently objects that the "ALJ erred in his failure to consider these nonexertional restrictions" (Doc. No. 16 at 3). Accordingly, the Magistrate Judge's Report only considered the ALJ's failure to question the vocational expert ("VE") about

6

Plaintiff's coughing and fatigue. (Doc. No. 15 at 13-14.) Because two slightly different issues have been raised by Plaintiff in her filings, The Court will discuss both the ALJ's failure to ask the VE about Plaintiff's conditions as well as the ALJ's consideration of these conditions in rendering his decision.

As to the first issue, the Magistrate Judge recommended finding that the ALJ did not err when he did not ask the VE a hypothetical question about Plaintiff's cough and fatigue. (Doc. No. 14 at 13-14.) The Magistrate Judge explained that Plaintiff had the burden to establish that her impairments prevented her from doing her past relevant work. (*Id.* at 13.) At the hearing, the ALJ asked the VE about the nature of Plaintiff's past relevant work, and the VE stated that her positions as a secretary and receptionist were both sedentary positions. (Tr. at 40.) While the ALJ did not ask the VE a hypothetical question or seek other testimony from the VE (*id.* at 39-40), as the Magistrate Judge noted, Plaintiff and her representative also failed to question "the VE to attempt to show any limitation on [Plaintiff] that would prevent her from her past relevant work." (Doc. No. 14 at 14.)

The Court agrees with the Magistrate Judge and finds that the ALJ did not err in failing to ask the VE a hypothetical question about Plaintiff's cough and fatigue. As an initial matter, such hypothetical questioning is not required. Rather, a VE "*may* offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work." 20 C.F.R. § 404.1560A(b)(2) (emphasis added). The purpose of such hypothetical questioning is "[d]etermining whether [the claimant] can do [her] past relevant work," and the relevant regulation makes clear that such a determination will be based on questioning of the claimant, and "*may*" include asking "other people who know about [the

7

claimant's] work," testimony of VEs, or "other resources." *Id.* (emphasis added). There is thus no requirement that a VE give testimony at all, let alone that the VE be asked hypothetical questions.

In Plaintiff's case, the ALJ thoroughly questioned Plaintiff about her past relevant work and the way that her physical impairments affected such work. (Tr. at 33-36.) Plaintiff's representative similarly questioned her on her past work experience. (*Id.* at 36-39.) The ALJ also asked the VE about the exertion level of Plaintiff's past relevant work. (*Id.* at 40.) The ALJ had sufficient evidence on which to base his decision to deny Plaintiff benefits, and it was therefore reasonable for him to not ask the VE any hypothetical questions about Plaintiff's symptoms of cough and fatigue.

The Court also finds that the ALJ did not fail to consider these "nonexertional" factors in rendering his decision. Rather, the ALJ considered Plaintiff's complaints of fatigue and cough, including referencing the same facts that Plaintiff now raises in this objection, along with Plaintiff's other symptoms. (*Id.* at 21-23.) Nevertheless, after detailing Plaintiff's medical history, the ALJ determined that Plaintiff's "abilities to function independently coupled with the success of her treatment regimen belie her claims of total disability." (*Id.* at 23.) The ALJ then determined that "through the date last insured, [Plaintiff] had the residual functional capacity to perform the full range of sedentary work." (*Id.* at 21.) In light of this detailed analysis, the Court cannot say that the ALJ failed to consider Plaintiff's symptoms of cough and fatigue.

Because the Court finds that substantial evidence supports the ALJ's findings as to Dr. McLerran's opinions and Plaintiff's "nonexertional" factors, the Court **ADOPTS** Magistrate Judge Brown's Report in its entirety and **DENIES** Plaintiff's Motion.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's Motion is **DENIED** and the Court **ADOPTS** the Magistrate Judge's Report in its entirety. The decision of the Commissioner is therefore **AFFIRMED**.

It is so ORDERED.

Entered this     17th     day of October, 2011.

                                       JOHN T. NIXON, SENIOR JUDGE
                                       UNITED STATES DISTRICT COURT